

**DEPARTMENT OF HEALTH & HUMAN SERVICES**   Program Support Center

CERTIFICATE OF INDEBTEDNESS
*Nursing Scholarship Program*

Rockville, MD 20857
DEC 3 2012

Elonda S. Womble, NA II

Sanford, NC
·5192
REF: 46100001 & 80010523

Pursuant to Fed. R. Civ. P. 5.2 and/or Crim. P. 49.1, Personal Data Identifiers Have Been Redacted

Total debt due United States as of November 26, 2012: $140,592.16 (principal $90,928.00; interest $44,070.37; administrative costs $5,593.79) as follows:

| Account | Debt Type | Total | Principal | Interest | Admin | Daily Rate | Interest Rate |
|---|---|---|---|---|---|---|---|
| 46100001 | Default | $97,587.99 | $57,774.50 | $34,219.70 | $5,593.79 | $19.20 | 12.125% |
| 80010523 | Overpayment | $43,004.17 | $33,153.50 | $9,850.67 | $ 00.00 | $10.22 | 11.25% |
| Totals as of 11/26/12: | | $140,592.16 | $90,928.00 | $44,070.37 | $5,593.79 | $29.42 | |

I certify that the Department of Health and Human Services' (HHS) records show that the debtor named above is indebted to the United States in the total amount stated above. Interest accrues on the total principal amount of the debt in the amount of $29.42 per day.

On May 26, 2005, as a nursing student at Howard University, you submitted an application and signed a contract to participate in the Nursing Scholarship Program (NSP), Section 846(d) of the Public Health Service Act (42 U.S.C. § 297n(d)).

On September 30, 2005, you were approved to receive a scholarship award for the 2005-2006 school year. In addition, you received continuing scholarship awards for the 2006-2007, 2007-2008, and 2008-2009, school years. The NSP award provides funding for tuition, fees, monthly stipends, and other reasonable educational costs.

One of the conditions for receipt of these funds is that you maintain enrollment as a full-time student until completion of the course of study for which the scholarship is provided. You were enrolled as a full-time nursing student from September 30, 2005, through January 9, 2008. During this time period, you received $57,774.50 in scholarship support.

You changed your course of study to Physical Therapy on January 9, 2008. You did not obtain the program office's approval prior to this course change, and this area of study is not covered by the NSP. During this time period, you received scholarship stipend payments for January 2008 through March 2009 which totaled $33,153.50. You were not entitled to these payments due to your change in study, therefore, these stipend payments were overpayments.


GOVERNMENT EXHIBIT
B

# PAGE 2 - CERTIFICATE OF INDEBTEDNESS - ELONDA S. WOMBLE, NA II

### NSP Default Debt - 46100001

Pursuant to 42 U.S.C. 297n(g)(1)(A), if a participant fails to maintain an acceptable level of academic standing in the nursing program, is dismissed from the nursing program for disciplinary reasons, or voluntarily terminates the nursing program, the participant is liable to the Federal Government for the amount of his or her award, and for interest on that amount at the maximum legal prevailing rate. The amount the Federal Government is entitled to recover is due no later than three (3) years from the date of the participant's default.

By letter dated April 7, 2010, you were notified that you had been placed in default of your NSP contract effective January 8, 2009. You were advised the debt must be paid within three (3) years from the date of default. You were informed of the annual interest rate applicable to your debt and advised that interest will accrue on the unpaid principal balance from the date of default until the debt is paid in full. You were provided with instructions for requesting a repayment agreement (RA) if you were unable to remit the total amount due. You were also provided with instructions for submitting a request for a waiver or suspension of your liability on the grounds of impossibility or extreme hardship. If repayment arrangements were not finalized by the due date, you were advised that your debt may be reported to consumer reporting agencies as delinquent, referred to a collection agency, referred to the Department of Treasury for administrative offset/salary offset/income tax refund offset, and/or referred to the Department of Justice (DOJ) for enforced collection. A response to the letter was not received from you.

### NSP Overpayment Debt - 80010523

You were notified by letter dated April 7, 2010, that you were liable for the repayment of your overpayment debt within 30 days. Pursuant to 42 CFR 30.18, you were informed that if the debt was not repaid in full within 30 days, interest will accrue on the unpaid principal balance at the rate specified in the letter, until the debt is paid in full. Instructions for entering an RA were enclosed, and you were informed that if you were unable to remit the total due, you should complete and return the enclosed financial statement of debtor form and submit a good faith payment. In addition, you were advised that if repayment arrangements were not finalized by the due date, your debt may be reported to consumer reporting agencies as delinquent, referred to a collection agency, referred to the Department of Treasury for administrative offset/salary offset/income tax refund offset, and/or referred to the DOJ for enforced collection. A response to the letter was not received from you.

### Collection Activities

In a letter dated December 10, 2010, you were reminded that your NSP default debt was due to be paid in full by January 9, 2011. You were advised that failure to make payment on your debt by the due date would result in your account information being furnished to consumer reporting agencies and may result in your account being referred to a private collection agency, the Department of Treasury for administrative offset/salary offset/income tax refund offset, and/or the DOJ for enforced collection. You did not respond to the letter.

In a letter dated February 25, 2011, you were advised that your default debt had been referred to NCO Financial Systems for collection. You were notified that unless payment in full or an RA was concluded with the collection agency, your account would be referred to the DOJ for enforced collection and/or other Federal agencies for administrative offset.

# PAGE 3 - CERTIFICATE OF INDEBTEDNESS - ELONDA S. WOMBLE, NA II

In a letter dated May 6, 2011, you were notified of the HHS' intent to refer your HEAL debt to other Federal agencies for the purpose of administrative offset under the Debt Collection Improvement Act of 1996. You were advised that a written response, an RA, or payment in full received within sixty (60) days from the date of the letter would terminate administrative offset action. You did not comply.

A final demand letter was sent to you on August 26, 2011, regarding your default debt. These letters informed you that failure to make full or partial payment on your debt within thirty (30) days would result in your accounts being referred to the Department of Treasury for administrative offset/salary offset/income tax refund offset and/or to the DOJ for enforced collection without further notice to you. Instructions on how to enter into an RA were enclosed. You did not respond.

You were notified by letter dated August 26, 2011, that you were liable for the repayment of your overpayment debt within thirty (30) days. Instructions for entering an RA were enclosed, and you were informed that if you were unable to remit the total due, you should complete and return the enclosed financial statement of debtor form and submit a good faith payment. In addition, you were advised that if repayment arrangements were not finalized by the due date, your debt may be reported to consumer reporting agencies as delinquent, referred to a collection agency, referred to the Department of Treasury for administrative offset/salary offset/income tax refund offset, and/or referred to the DOJ for enforced collection. A response to the letter was not received from you.

Final demand letters were sent to you on November 17, 2011, and June 26, 2012, regarding your default debt. These letters informed you that failure to make full or partial payment on your debt within thirty (30) days would result in your accounts being referred to the Department of Treasury for administrative offset/salary offset/income tax refund offset and/or to the DOJ for enforced collection without further notice to you. Instructions on how to enter into an RA were enclosed. You did not respond.

You were notified by letter dated June 26, 2012, that you were liable for the repayment of your overpayment debt within thirty (30) days. Instructions for entering an RA were enclosed, and you were informed that if you were unable to remit the total due, you should complete and return the enclosed financial statement of debtor form and submit a good faith payment. In addition, you were advised that if repayment arrangements were not finalized by the due date, your debt may be reported to consumer reporting agencies as delinquent, referred to a collection agency, referred to the Department of Treasury for administrative offset/salary offset/income tax refund offset, and/or referred to the DOJ for enforced collection. A response to the letter was not received from you.

The amount the United States is entitled to recover is the total of the NSP funds you received, plus interest, minus any payments you made.

The total debt has been referred to the DOJ for enforced collection. Any questions you have concerning your debt, or any payments you make, should be directed to the United States Attorney, Department of Justice, Middle District of North Carolina, P.O. Box 1858, Greensboro, NC 27402-1858. Checks or money orders should be payable to the "U.S. Department of Justice".

CERTIFICATION: *Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.*

DEC 3 2012
_____
Date

_____
Barry M. Blum
Chief, Referral Control Section
Debt Management Branch